UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH B. HAGER,

    Petitioner,

vs.

GREG SMITH, *et al.*,

    Respondents.

Case No. 3:14-cv-00490-RCJ-WGC

**ORDER**

    On November 19, 2014, the court denied petitioner Joseph B. Hager's application to proceed *in forma pauperis* and directed him to pay the full filing fee of $5.00 within thirty days (ECF #4). Petitioner was expressly advised that failure to do so may result in the dismissal of this action. More than the allotted time has passed, and petitioner has failed to pay the filing fee, seek an extension, or respond to the court's order in any manner.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action.[1] Accordingly, the petition shall be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Clerk shall file the petition (ECF #1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with either the full filing fee or a properly completed application form to proceed *in forma pauperis* with the required financial documentation demonstrating that petitioner is unable to pay the filing fee.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: This 20th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] With regard to timeliness, in this petition, petitioner states that he is challenging a judgment of conviction dated November 21, 2012, and that the Nevada Supreme Court decided his appeal from the denial of his post-conviction petition for relief or petition for writ of habeas corpus on July 22, 2014 (ECF #1-1). Thus it does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of any timeliness or exhaustion issue as to a promptly filed later petition. Nor does it appear from the available records that a dismissal of this improperly commenced action without prejudice necessarily will be with prejudice in effect. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.